Lopez-Diaz v. Lynch

BIA
Verrillo, IJ
A206 791 080/081

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of October, two thousand sixteen.

PRESENT:
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
    DENNY CHIN,
        *Circuit Judges.*

_____

DIXSY DAYANA LOPEZ-DIAZ, ANGEL
NOE GOMEZ-LOPEZ,
        *Petitioners,*

        v.                                    15-2722
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:            Robert C. Ross, West Haven,
                            CT.

FOR RESPONDENT:             Benjamin C. Mizer, Principal
                            Deputy Assistant Attorney General;
                            Mary Jane Candaux, Assistant
                            Director; Aimee J. Carmichael,
                            Trial Attorney, Office of
                            Immigration Litigation, United
                            States Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Dixsy Dayana Lopez-Diaz and Angel Noe Gomez-Lopez, natives and citizens of Honduras, seek review of a July 28, 2015, decision of the BIA affirming a February 3, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dixsy Dayana Lopez-Diaz, Angel Noe Gomez-Lopez,* Nos. A206 791 080/081 (B.I.A. July 28, 2015), *aff'g* Nos. A206 791 080/081 (Immig. Ct. Hartford Feb. 3, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## Asylum and Withholding of Removal

In order to demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also In re C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). Relief "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). The agency did not err in finding that Lopez-Diaz failed to demonstrate the requisite nexus to a protected ground.

## Grandmother's Abuse

The agency reasonably concluded that Lopez-Diaz failed to demonstrate that her grandmother abused her on account of her political opinion that girls should be allowed to attend secondary school.[1] In order to demonstrate that persecution

---

[1] "Private acts can . . . constitute persecution if the government is unable or unwilling to control such actions."

3

or a well-founded fear of persecution is on account of an applicant's political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the *applicant's* political belief," rather than merely by the persecutor's *own* opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added). Lopez-Diaz admitted that she did not know why her grandmother was abusive. Lopez-Diaz's speculation that her grandmother was motivated by an opposition to Lopez-Diaz's opinion that girls should be permitted to attend secondary school was not supported by the record evidence, which established that her grandmother was abusive long before Lopez-Diaz began attending secondary school and was abusive to Lopez-Diaz's grandfather as well. *Id.*

The agency also did not err in concluding that Lopez-Diaz's proposed social groups of "minors abused by custodial family members" and "young women vulnerable to abuse" were not cognizable. To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity,

*Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015).

and (3) socially distinct within the society in question." *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007). "[A] particular social group cannot be defined exclusively by the claimed persecution, . . . it must be recognizable as a discrete group by others in the society." *In re M-E-V-G-*, 26 I. & N. Dec. at 232 (internal quotation marks omitted). "The group must also . . . have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Id.* at 239.

Contrary to Lopez-Diaz's argument, her case is distinguishable from *Matter of A-R-C-G-*, in which the BIA found cognizable the particular social group of "married women in Guatemala who are unable to leave their relationship." 26 I. & N. Dec. 388, 392 (B.I.A. 2014). Unlike the social group in *Matter of A-R-C-G-*, which was defined with particularity given "societal expectations about gender and subordination, as well as legal constraints regarding divorce and separation" in Guatemala, *id.* at 393, the boundaries of Lopez-Diaz's proposed groups are overbroad and narrowed only by subjectively defined factors that do not "provide a clear benchmark for determining who falls

within the group," *i.e.*, what constitutes abuse by family members or vulnerability to abuse, *In re M-E-V-G-*, 26 I. & N. Dec. at 239. *Cf. Ucelo-Gomez*, 509 F.3d at 73 ("If 'wealth' defined the boundaries of a particular social group, a determination about whether any petitioner fit into the group (or might be perceived as a member of the group) would necessitate a sociological analysis as to how persons with various assets would have been viewed by others in their country."). Accordingly, the agency did not err in finding that these social groups were not defined with sufficient particularity to be cognizable. *See In re M-E-V-G-*, 26 I. & N. Dec. at 239.

Unfulfilled Threats

Lopez also claimed that unknown individuals threatened to harm her or her family should she investigate her father's 1997 murder. She argued that these threats constituted past persecution and established a well-founded fear of future persecution on account of her membership in the social group of "murdered individual's surviving nuclear family members." The agency did not err in concluding that this proposed social group failed because it does not satisfy the social distinction requirement.

6

Lopez-Diaz did not present evidence that family members of murder victims are a socially distinct group in Honduran society. "Evidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like may establish that a group exists and is perceived as 'distinct' . . . in a particular society." *In re M-E-V-G-*, 26 I. & N. Dec. at 244. Lopez-Diaz presented evidence of widespread violence in Honduras, but she did not submit any evidence that her proposed group is perceived as distinct.

Although membership in a family "may form a cognizable shared characteristic for a particular social group," *Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir. 2007), Lopez-Diaz did not define her group so narrowly. She defined the group as families of individuals who had been murdered, not her murdered father's family. And, regardless of whether the group is defined broadly or is limited to her family, she did not present any evidence that the group was socially distinct.

Accordingly, because Lopez-Diaz failed to establish past persecution or a well-founded fear of persecution on

7

account of a protected ground, the agency did not err in denying asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also In re C-T-L-*, 25 I. & N. Dec. at 348.

Convention Against Torture

An applicant for CAT relief must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Unlike asylum and withholding of removal, CAT relief does not require a nexus to any ground. *See id.* We find no error in the agency's finding that Lopez-Diaz failed to establish a likelihood of torture. Lopez-Diaz does not cite any evidence that would compel a contrary conclusion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8